IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-77 |
| PATRICK ACIERNO | |

FILED

MAR 2 0 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submit this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A federal grand jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-4 | Bank Robbery<br>On or About September 12, 2018<br>On or About November 12, 2018<br>On or About December 5, 2018<br>On or About March 5, 2019 | 18 U.S.C. § 2113(a) |

### II.  ELEMENTS OF THE OFFENSES

**A.  As to Count One:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That PATRICK ACIERNO took money that was in the care, custody, or possession of PNC Bank, or from PNC Bank, while others, namely employees of PNC Bank, were present;

2. That PATRICK ACIERNO used force, violence, or intimidation;

3. The deposits of PNC Bank were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

**B.   As to Count Two:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That PATRICK ACIERNO took money that was in the care, custody, or possession of West View Savings Bank, or from West View Savings Bank, while others, namely employees of West View Savings Bank, were present;

2. That PATRICK ACIERNO used force, violence, or intimidation;

3. The deposits of West View Savings Bank were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

**C.   As to Count Three:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That PATRICK ACIERNO took money that was in the care, custody, or possession of Wesbanco Bank, or from Wesbanco Bank, while others, namely employees of Wesbanco Bank, were present;

      2.      That PATRICK ACIERNO used force, violence, or intimidation;

      3.      The deposits of Wesbanco Bank were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

    **D.**    **As to Count Four:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That PATRICK ACIERNO took money that was in the care, custody, or possession of KeyBank, or from KeyBank, while others, namely employees of KeyBank, were present;

      2.      That PATRICK ACIERNO used force, violence, or intimidation;

      3.      The deposits of KeyBank were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

### III.    PENALTIES

    **A.**    **As to Counts One through Four: Bank Robbery (18 U.S.C. § 2113(a)):**

      1.      A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 2113(a));

      2.      A fine of not more than the greater of:

          (a)      $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

  (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

 3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

 4. Any or all of the above.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A, and 3664.

### VI.  FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

_____
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774