IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Nos. 19-77 and 19-320 |
| | ) | |
| PATRICK RYAN ACIERNO | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Sentencing Memorandum to the Court:

### I.      INTRODUCTION

On June 18, 2019, the defendant, Patrick Acierno, entered a plea of guilty to all counts of the Indictment, at Criminal No. 19-77. Additionally, the government filed a one-count Information, at Criminal No. 19-320, charging Mr. Acierno with Hobbs Act Robbery, on or about October 11, 2018. On November 7, 2019, the Mr. Acierno entered a plea of guilty to the one-count Information. The sentencing hearing is presently scheduled for December 19, 2019, before this Honorable Court. In advance of the sentencing hearing, the Government submits this memorandum, recommending a sentence within, but at the low end, of the United States Sentencing Commission Guidelines ("Guidelines") range of 57-71 months' imprisonment as set forth below.

### II.     THE SENTENCING GUIDELINES RANGE

The United States Supreme Court has instructed that "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522

U.S. 38, 49 (2007)).  Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable.  *Peugh*, 133 S.Ct. at 2083.  When considering a sentence outside of the Guideline Range, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance."  *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added).  "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the United States Probation Office has calculated the defendant's sentencing guidelines, with a criminal history category of III, to be 57-71 months' imprisonment.

### III.    SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553 support the Government's recommended sentence in this case as set forth herein.

**(1)    18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offenses and the History and Characteristics of the Defendant**

The Pre-Sentence Investigation Report (PSIR) accurately and adequately sets forth the conduct for which the defendant has pled guilty.  The government avers that bank robbery is a serious crime.  Mr. Acierno committed not one (1), but four (4) bank robberies as well as a Hobbs Act Robbery – one in September (bank robbery), one in October (Hobbs Act robbery), one in November (bank robbery), one in December (bank robbery) of 2018, and one in March (bank robbery) of 2019.  Nearly every month, like clockwork, he committed these offenses, in an apparent effort to fund his addictions.  It was apparent to investigators during the course of the investigation and is also reflected in the PSIR, that during the timeframe in which the offenses were committed, Mr. Acierno had no job, little money and what money he had or obtained was

apparently used to fund his alcohol, drug and gambling addictions.  Indeed, Mr. Acierno, himself, discussed on Facebook his financial difficulties and, in one message, on August 31, 2018, he wrote, that he "need[ed] to knock off a bank or something."

Mr. Acierno, age 35, has had several encounters with the law, which all appear to stem from his addictions. For instance, Mr. Acierno has a 2009 conviction for driving under the influence, a 2011 public drunkenness charge, and a 2018 retail theft.  Additionally, Mr. Acierno has pending charges reflective of the same, including a July 2018 public drunkenness charge and December 2018 receiving stolen property, carrying firearm without a license and driving while operating privileges are suspended or revoked charges.

To his credit, Mr. Acierno did admit to law enforcement his involvement in the offenses and has pled guilty in this matter.  Indeed, he not only admitted to the bank robbery for which he was caught on March 5, 2019, but also admitted his actions on September 12, 2018, November 12, 2018, December 5, 2018, as well as admitting to the October 11, 2018 CoGos robbery.  The defendant is receiving, however, a three (3) point reduction for acceptance of responsibility, which sufficiently accounts for his guilty plea and the government is recommending that any sentence imposed at Count One of the Information at Criminal No. 19-320, should run concurrently to any sentence of incarceration imposed at Criminal No. 19-77.

**(2)     18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed To Reflect The Seriousness Of The Offenses, To Promote Respect For The Law And To Provide Just Punishment For The Offenses**

Imposition of a sentence within the advisory Guidelines Range is necessary in this case to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses.  As described more fully above, Mr. Acierno's offenses are serious, placing numerous tellers and a cashier in fear for their safety as a masked man forced them to

Case 2:19-cr-00077-DWA   Document 38   Filed 12/18/19   Page 4 of 6

empty their teller drawers.  A within Guidelines Range sentence in this case, therefore, will reflect the seriousness of the offenses, promote respect for the law and provide just punishment for these serious offenses.

> **(3)    18 U.S.C. § 3553(a)(2)(B) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

Imposition of a sentence of imprisonment within the Guidelines Range addresses both specific deterrence – as to Mr. Aciernoe – and general deterrence – to those who may consider committing similar offenses.

> **(4)    18 U.S.C. § 3553(a)(2)(C), (D) – The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The government believes that a sentence within the Guideline Range will protect the public from further crimes of Mr. Acierno and also give Mr. Acierno the opportunity to obtain education[1] and/or or vocational training as well as treatment to address his drug and alcohol addictions[2].

> **(5)    18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Applicable Category of Offenses Committed by the Applicable Category of Defendant as Set Forth in the Guidelines**

As to the statutory penalties, Mr. Acierno is subject to a maximum term of imprisonment of twenty (20) years, at each count.  *See* PSIR ¶ 101.  The Court may impose a term of supervised release of at not more than three (3) years at each count, which shall run concurrently.  *Id.* at ¶¶ 104.  Mr. Acierno is eligible for not less than one (1) nor more than five (5) years' probation, with a condition of probation being a fine, restitution or community service at each count.  *Id.* at ¶ 107.

---

1. As reported by Mr. Acierno, he completed the 8th grade at Freedom Senior High School in Freedom, Pennsylvania. He was expelled from the school while in the 9th grade. He then attended, and later graduated from, the Alternative Class Academy in 2003, located in Center Township, Pennsylvania.  *See* PSIR ¶ 95.
2. As reported by Mr. Acierno, he drank vodka on a daily basis, smoked marijuana, and used both cocaine and cocaine base (crack) regularly.  *See* PSIR ¶ 90.

As to the Guidelines, Mr. Acierno's adjusted offenses level is 23.  *See* PSIR ¶ 102.  This total offenses level reflects a three-point reduction for acceptance of responsibility, pursuant to §3E1.1.  With a total offenses level of 23 and criminal history category of III, Mr. Acierno's Guideline Range is 57-71 months' imprisonment.  *Id*.  The guideline range for a term of supervised release is one (1) to three (3) years' at each count.  *Id*. at ¶ 106.  Mr. Acierno is not eligible for probation under the Guidelines.  *Id.* at ¶ 109.

   **(6)**       **18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

There are no pertinent policy statements applicable.

   **(7)**       **18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

A sentence within the advisory Guidelines Range reflects an appropriate sentence for the Defendant in this case, considering his criminal history category, and, falling within the guideline range, would not result in an *unwarranted* sentencing disparity.

   **(8)**       **18 U.S.C. § 3553(a)(7) – The Need To Provide Restitution To Any Victims Of The Offenses**

Restitution is applicable in this case for the amount of money that was taken from the victims of each robbery, as follows: PNC Bank - $2,474.00; West View Savings Bank - $4,406.00; WesBanco Bank - $11,800; and CoGos - $630.00, for a total of $19,310.00.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that the Court impose a sentence as to Mr. Acierno within, but at the low end, of the Guidelines Range.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID 320774